UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LEONARDO HERDENEZ,

    Plaintiff,

vs.

ARLICAN WOOD DESIGN, INC., a Florida
for-profit corporation; and ARTURO VARGAS,
individually,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff LEONARDO HERDENEZ, through undersigned counsel, sue Defendants ARLICAN WOOD DESIGN, INC., a Florida for-profit corporation ("ARLICAN"), and ARTURO VARGAS, individually ("VARGAS"), and allege as follows:

1. This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA"), and its implementing regulations. This is also an action for state common law breach of contract for failure to pay earned wages.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. § 216(b). This Court also has supplemental jurisdiction over Plaintiffs' non-federal, state common law breach of contract claim pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and are *sui juris*.

5. Defendant ARLICAN is, and at all relevant times was, a Florida for-profit corporation authorized to do business, and doing business in Miami-Dade County, Florida. ARLICAN is, and at all relevant times was, a custom made wood furniture seller that used, purchased and sold materials and installed goods, and based on information and belief had annual gross revenues in excess of $500,000 per year.

6. Upon information and belief, Defendant VARGAS is, and at all relevant times has been, a resident of Miami-Dade County, Florida, and is *sui juris*. At all relevant times, VARGAS was and still is the owner, operator, and the President of ARLICAN, was an agent of ARLICAN, acted in the course and scope of her employment and agency as owner, operator, and President of ARLICAN with regard to Plaintiff, and oversaw, supervised, and controlled the day-to-day operations of ARLICAN. Upon information and belief, VARGAS has run and overseen the day-to-day operations of ARLICAN.

7. At all relevant times ARLICAN was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and based on information and belief had gross annual revenues of not less than $500,000. In addition, VARGAS was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of ARLICAN in relation to Plaintiff, and regularly exercised authority to hire and fire employees of ARLICAN, determined the work schedules of employees of ARLICAN, set the rates of pay and

compensation for employees of ARLICAN, controlled the finances and operations of ARLICAN, and oversaw, supervised, and controlled the day-to-day operations of ARLICAN.

8. At all times during his employment with Defendants, Plaintiff was a non-exempt employee who regularly worked over 40 hours in one or more work weeks.

9. Plaintiff was employed by Defendants from on or about November 2018 until on or about October 11th 2019, when he stopped reporting to work because he was not being paid for the 45 hours worked on his last week of work. During the relevant period of Plaintiff's employment and until on or about October 2019, Plaintiff was supposed to be paid at a regular hourly rate of $27.50 based on a 40-hour work week, or $27.50 per hour for each regular hour of work.

10. Plaintiff regularly worked over 53 hours in one or more of the work weeks he worked, but was not paid the required time and one-half his regular hourly rate for all overtime hours he worked. Plaintiff estimates that he worked an estimated 619 overtime hours over this 11 month period of employment, for which he received no overtime payment.

11. Plaintiff was routinely required to work 6 days a week approximately 9 hours per day. For the approximate 48 weeks Plaintiff worked within the 2 year period immediately preceding the filing of this lawsuit, Plaintiff estimates that he worked approximately 13 overtime hours per week, and an estimated total of 619 overtime hours. At an overtime time rate of $32.50 per hour including $13.75 in overtime half time pay. Plaintiff estimates that he is owed a total overtime half time amount of $8,580.00 plus an equal amount of liquidated damages as provided by the FLSA.

12. In or about December 2018, Plaintiff complained to VARGAS about not being paid correctly for his overtime, and VARGAS, on behalf of ARLICAN, verbally informed

Plaintiff that ARLICAN did not pay any overtime. Pursuant to and in furtherance of this policy and practice, Defendants failed to paid Plaintiff approximately $8,580.00 in overtime half time and Defendants have failed and refused to make any further payments for Plaintiffs last week of October 7th to October 11th and is still owed $1,347.50.

13. Plaintiff has kept some of his pay records, but the complete records of the compensation actually paid to Plaintiff and the time Plaintiff worked are, or should be, in the possession, custody, and control of Defendants. Upon information and belief, however, Defendants have failed to keep and maintain all the required records of hours worked and wages paid to Plaintiff and other employees per the record-keeping requirements of the FLSA.

14. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

15. Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee of $425.00 per hour for its services.

## **COUNT I – UNPAID OVERTIME VIOLATION OF FLSA**

16. Plaintiff re-alleges paragraphs 1 through 15 as if set forth fully herein.

17. Under the FLSA, Defendants were obligated to pay Plaintiff time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. Plaintiff worked in excess of 40 hours per work week in one or more weeks, but was not paid the full time and one-half his regular hourly rate of pay for the overtime hours he worked, as required by the FLSA.

18. Defendants have failed and refused to pay Plaintiff the required full time and one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

19. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages equal to the extra time and one-half his regular hourly rates, for all hours worked in excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA. Plaintiff's estimated unpaid overtime is alleged in paragraphs 11 and 12 above.

20. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law.

21. Plaintiff is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

22. Inasmuch as Defendants – in particular VARGAS – admitted to owing Plaintiff for the overtime hours he had worked, as evidenced by the verbal agreement and payments that were made thereunder that acknowledged the overtime debt and obligation, Defendants' failure to pay Plaintiff for his overtime was willful.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for the following relief:

1. A declaration that Defendants are in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation during the period within the three-year period preceding the filing of this lawsuit;

2. An award to Plaintiff of all unpaid overtime as required under the FLSA,

3. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,

4. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and

5. Such further relief as the Court deems just and equitable.

## COUNT II – COMOMON LAW BREACH OF CONTRACT/UNPAID WAGES
## (ARLICAN)

29. Plaintiff re-alleges paragraphs 1 through 15 as if set forth fully herein.

30. This is a Florida common law action for breach of contract for ARLICAN's failure to pay Plaintiff his due wages.

31. Plaintiff, is due an estimated $1,347.50 for Plaintiffs last week of work from October 7th to October 11th and Plaintiff is still owed $1,347.50 for his last week of work which includes unpaid overtime wages per the agreement of the parties, plus interest from the dates that each payment to him was due.

32. Defendant ARLICAN breached its contract with Plaintiff for not paying him his promised wages in exchange for his services as an employee for Plaintiffs last week of work from October 7th to October 11th.

33. As a direct and proximate result of Defendant ARLICAN's breach of contract, Plaintiff has suffered damages of at least $1,347.50, in unpaid wages, plus interest.

34. As this is an action for unpaid wages, Plaintiff is entitled to recover his costs and his reasonable attorney's fees pursuant to §448.08, Fla. Stat.

**WHEREFORE**, Plaintiff demands judgment against Defendant ARLICAN for compensatory damages in the amount of all unpaid wages, plus pre-judgment interest from the dates each age payment became due, per the parties' agreement, plus post-judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED:  November 27TH 2019.

                                              **LAW OFFICE OF PELAYO DURAN, P.A.**
Counsel for Plaintiff
4640 N.W. 7th Street
Miami, FL 33126-2309
T. 305/266-9780
305/269-8311 (Facsimile)

By ___*s/ Pelayo M. Duran*_____
     PELAYO M. DURAN
     Fla. Bar No. 0146595